FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 07 2010

Stephan Harris, Clerk
Cheyenne

John A. Coppede, Esq. (5-2495)
Richard D. Bush, Esq. (5-2647)
HICKEY & EVANS, LLP
1800 Carey Ave, Ste 700
PO Box 467
Cheyenne, WY 82003-0467
Ph: (307) 634-1525
Fx: (307) 638-7335
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa Corporation )<br><br>Plaintiff, )<br>vs. )<br><br>KRISTI ANN ERIKSON and )<br>ROBERT G. ERIKSON, )<br><br>Defendants. ) | Docket No. 10CV0110 |

## COMPLAINT FOR INTERPLEADER

COMES NOW the Plaintiff Transamerica Insurance Company, by and through its

attorneys, Hickey & Evans LLP and for its Complaint for Interpleader states and alleges:

### JURISDICTION, PARTIES AND VENUE

1. This is an action arising under the provisions of the Federal Interpleader Act, 28

U.S.C. §§ 1335, 1397, and 2361, to compel the Defendants to interplead their claims in compliance with the provisions of the aforementioned Act as is more fully set forth below.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335 in that there is complete diversity of citizenship between two or more of the defendant adverse claimants and the amount in controversy exceeds $500. 28 U.S.C. § 1335.

3.      Plaintiff is a life insurance company, incorporated and existing under the laws of Iowa, but authorized to do business in the state of Wyoming, and having its principal place of business in the state of Iowa.

4.      Upon information and belief Defendant Robert G. Erikson is a citizen of the state of Wyoming.

5.      Upon information and belief Defendant Kristi Ann Erikson is a citizen of the state of New Mexico.

**CAUSE OF ACTION**

6.      In or about September 1986 Pacific Fidelity Life Insurance Company, now known as Transamerica Life Insurance Company, issued an individual deferred annuity, Certificate No. 0200 IS 21892, to Vernon K. Erikson (owner/annuitant).

7.      The annuitant designated his then wife Mary Jane Erikson as primary beneficiary and Robert G. Erikson, the annuitant's son, as contingent. A copy of the application is attached hereto as **Exhibit 1** and incorporated herein by this reference.

- 2 -

8.     Upon information and belief the annuitant's wife, the primary beneficiary, passed away on or about December 7, 2007.

9.     Upon information and belief the annuitant passed away on or about November 23, 2009.

10.    A death benefit is presently payable to the beneficiary or beneficiaries under the annuity. As of December 7, 2009, the full value of the annuity was $18,147.72.

11.    On or about February 11, 2008, Plaintiff received what reported to be an annuity policy change form changing the primary beneficiary of the annuity to the annuitant's daughter, Kristi Ann Erikson. A copy of the annuity change form is attached hereto as **Exhibit 2** and incorporated herein by this reference.

12.    On or about December 28, 2009, Defendant Robert G. Erikson sent a letter to Plaintiff questioning the validity of any beneficiary changes and otherwise advising that a Linda Erikson had a power of attorney for the annuitant which specifically provided that Linda Erikson did not have the authority to change a beneficiary. A copy of the December 28, 2009 letter sent by Mr. Erikson to Plaintiff is attached hereto as **Exhibit 3** and incorporated herein by this reference.

13.    On or about February 16, 2010, Plaintiff received a letter from Kristi Ann Erikson in which she made a claim for the full proceeds of the annuity, maintaining that she was the primary beneficiary under the annuity. A copy of the February 16, 2010 letter is attached hereto as **Exhibit 4** and incorporated herein by this reference.

- 3 -

14.     Accordingly, Plaintiff cannot make payment of the death benefit payable under the annuity to Defendant Kristi Ann Erikson without subjecting it to potential liability for duplicate payment in the event that a court of competent jurisdiction rules that Defendant Robert G. Erikson is the primary beneficiary under the annuity.

## FIRST CAUSE OF ACTION - INTERPLEADER

15.     Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 14 hereof as though set forth fully herein.

16.     Plaintiff admits that the full benefit is due and owing and that it is solely a stake holder of the death benefit under the annuity with no personal interest in the proceeds of the annuity.

17.     Plaintiff is ready, willing and able to pay the proceeds of the annuity to whichever Defendant the Court shall adjudge is entitled thereto, or to pay the money into Court to await the determination thereof.

18.     Plaintiff has no adequate measures or remedies to resolve the issues presented in this case.

19.     Plaintiff has incurred costs and reasonable attorneys' fees in connection with this proceeding and may incur additional costs and fees hereafter.

WHEREFORE, Plaintiff respectfully requests that an order be issued requiring that:

a.      Defendants be required to interplead and settle between themselves their rights to the annuity's death benefit;

b. Plaintiff, Transamerica Life Insurance Company, be permitted to pay the full death benefit as of the date of Vernon K. Erikson's death into Court, plus the appropriate amount of interest, less its costs and a reasonable fee for its attorneys;

c. Upon deposit by Plaintiff of the disputed proceeds into Court, that Plaintiff be discharged with prejudice from any further liability to any of the parties to the action in connection with the amount due under the annuity;

d. Judgment enjoining Defendants, their attorneys and agents, and any other persons from instituting or prosecuting any action in this or any other state or federal court against the Plaintiff by or concerning entitlement to the proceeds described in this Complaint;

e. Transamerica Life Insurance Company have such further and other relief which the Court deems just and proper including an award of costs and a reasonable attorney fees be paid out of the annuity proceeds.

Respectfully submitted this ____ day of June 2010.

TRANSAMERICA LIFE INSURANCE COMPANY
*Plaintiff*

By: _____

John A. Coppede  (5-2485)
Richard D. Bush  (5-2647)
HICKEY & EVANS, LLP
1800 Carey Ave, Ste 700
PO Box 467
Cheyenne, WY  82003-0467
Ph:  (307) 634-1525
Fx:  (307) 638-7335
*Attorneys for Defendant*

# APPLICATION FOR INDIVIDUAL DEFERRED ANNUITY

| Proposed annuitant (First, Middle, Last) | Date of birth (Month, Date, Year) | Age |
|---|---|---|
| Vernon K Erikson | | 65 |

| | Sex ☑ Male ☐ Female |
|---|---|
| | Social security number |

Proposed annuant address (Street, City, State, ZIP)
314 Division St.    Sandstone    MN    55072

| | Social security number |
|---|---|
| Owner if different from annuitant | |

| | Address |
|---|---|

**Primary beneficiary**
Mary Jane Erikson

Relationship to annuitant
Wife

**Contingent beneficiary**
Robert G Erikson

Relationship to annuitant
Son

| Single stipulated | Type of Annuity | ☐ IRA ☐ TDA |
|---|---|---|
| premium $ 11,500.00 | ☑ Non-Qualified ☐ 403(b) | ☐ KEOGH |
| | ☐ OTHER | |

Is this insurance being purchased to replace or change any existing insurance or annuity?
☐ Yes ☑ No   If yes, what company?

I hereby apply for coverage under this Individual Deferred Annuity. I certify and declare that the information above and below
best of my (our) knowledge, true and complete.

Duluth    MN    Willerdahl ?
September

Annuitant

Licensed Agent (if required) Agent No.    Owner (if different from annuitant)

**For Agent**
To the best of your knowledge, is this insurance being purchased to replace or change any existing insurance or annuity?
☐ Yes ☑ No   If yes, what company?

*Irrevocable beneficiary designation is to be so indicated next to beneficiary name.

| Policy Date | 9-11-86 | Initial Current Effective Interest Rate | 7.75 |
|---|---|---|---|

| Annuity Commencement Date | IS 021092    7-15-2006 | Effective Through | 9-12-87 |
|---|---|---|---|

| Policy Number 0200 | | Lower Limit | 7.0 |
|---|---|---|---|

AS210 107 46 383    ol a I F 92    PAGE 3

WHITE DISTRIBUTION: ORIGINAL TO OWNER/YELLOW TO HOME OFFICE/PINK TO FINANCIAL INSTITUTION

EXHIBIT

1

Transamerica Life Insurance Company
Peoples Benefit Life Insurance Company
Transamerica Financial Life Insurance Company
Transamerica Life Insurance Company
Transamerica Occidental Life Insurance Company
Western Reserve Life Assurance Company of Ohio

**CHANGE FORM**

Annuity Products and Services
Service Office and Overnight Mailing Address:
1333 Edgewood Rd, NE, Cedar Rapids IA 52499

*These changes are effective the date I signed on page 3, unless indicated otherwise.*

## 1. POLICY INFORMATION

Policy Owner: *Vernon K Erikson*

Policy Number: *0200132189 2*

## 2. CHANGE OF ADDRESS

This address change is for: ☒ Owner   ☐ Contingent/Successor Owner   ☐ Annuitant

Residential Address (Required): _____   City, State, Zip: *Laramie, WY 82070*

Mailing Address (If different than Residential Address): _____   City, State, Zip: *Laramie, WY 82073*

Telephone Number: _____

## 3. CHANGE OF BENEFICIARY

I hereby revoke prior beneficiary designations and name the following as beneficiary(ies). Indicate if each beneficiary named is either Primary or Contingent.

☐ Check here if more space is needed for additional beneficiaries and/or special instructions and attach a separate sheet.

☒ Primary ☐ Contingent   Full Legal Name: *Kristi Ann Erikson*   Social Security Number: _____

Birthdate: _____   Relationship: *Daughter*   Percentage: *100%*

Residential Address (Required): _____   City, State, Zip: *Santa @ Fe, NM 87507*

☐ Primary ☐ Contingent   Full Legal Name: _____   Social Security Number: _____

Birthdate: _____   Relationship: _____   Percentage: _____

Residential Address (Required): _____   City, State, Zip: _____

☐ I am naming a Trust as ☐ primary beneficiary or ☐ contingent beneficiary.

Name of Trust (as filed with the IRS): _____

Page 1 of 3                    See Section 7 For Important Information

**EXHIBIT**

**2**

31600376 10/06

**4. CHANGE OF NAME**

Change the name of the: ☐ Owner   ☐ Joint Owner   ☐ Annuitant

_____   _____
Previous Name                        New Name

Reason for name change: ☐ Marriage  ☐ Divorce  ☐ Other:  Explain in detail on separate sheet of paper.

**Attach legal document completing the name change.**

## 5. CHANGE OF OWNERSHIP

**CAUTION!** *Certain ownership changes will have tax consequences. We recommend you seek the advice of your tax and/or legal counsel prior to requesting any ownership change. See IRC Section 72(e)(4)(C). See Section 7 for important information.*

I hereby revoke prior ownership and initiate the following:

☐ Change from sole (one) owner to joint owners.  Add the joint owner named below.

☐ Remove one joint owner.  Name: _____  Replace with joint owner named below.

☐ Remove one joint owner.  Name: _____  Do not replace.  Contract will now have sole owner.

☐ Remove current sole owner.  Replace with owner named below.

☐ Remove current ownership completely.  Replace with the trust named below.*

☐ Remove current owner.  Replace with Custodian listed below.

☐ Remove Custodian.  Replace with owner listed below.

☐ Add contingent/successor owner named below.

☐ Remove contingent/successor owner named below.

☐ % or $ _____ to new owner named below due to divorce.

☐ Remove trustee.  Replace with trustee listed below.*

*A "Trustee Certification of Trust Document and Trustee Powers Form" is required when naming a trust as owner.  Complete and attach.*

_____   _____
Name                                   Relationship to Current Owner

_____   _____
Social Security Number     Date of Birth        Telephone Number

_____   _____
Residential Address (Required)              City, State, Zip

_____   _____
Mailing Address (If different than Residential Address)   City, State, Zip

After this change is effective the primary SSN/TIN will be: _____
                                              Name                    Social Security Number

Reason for change: ☐ Marriage  ☐ Divorce  ☐ Other: _____

Attach marriage license, court order, or certified copy of death certificate if applicable.

If multiple owners remain, how many signatures will be required for future transactions/requests?

☐ All owners must sign.  ☐ Any owner can sign without getting signatures of other owners.

81600376 10/06

REQUIRED SIGNATURE

Unless the Insurance Company has been notified of a community or marital property interest in this policy, the Insurance Company will rely on its good faith belief that no such interest exists and will assume no responsibility for inquiry.

By requesting this change the policy owner(s), on his/her behalf and that of his/her successors and assignees, agrees to indemnify and hold the Company harmless from the consequences of accepting this changes.

If signing as a Trustee, put TSTEE after your name.

_____     Date  2/5/08
Signature of Owner/Trustee/Custodian

_____     _____
Social Security #/Taxpayer Identification Number     Telephone Number

_____     _____
Signature of New Owner/Trustee/Custodian     Date

_____     _____
Social Security #/Taxpayer Identification Number     Telephone Number

_____     _____
Signature of Jt. Owner/Trustee/Custodian     Date

_____     _____
Social Security #/Taxpayer Identification Number     Telephone Number

_____     _____
Signature of Contingent/Successor Owner/Trustee/Custodian     Date

_____     _____
Social Security #/Taxpayer Identification Number     Telephone Number

_____     _____
Witness Signature     Date

## 7.  IMPORTANT INFORMATION

**Change of Beneficiary:**  If multiple primary beneficiaries are named, proceeds will be paid equally to all primary beneficiaries surviving the annuitant, unless instructed otherwise.  If all primary beneficiaries have predeceased the annuitant, proceeds will be paid to named contingent beneficiaries equally unless instructed otherwise.  If there are no surviving beneficiaries, proceeds are payable to the owner or owner's estate.  All beneficiaries are designated with right to change unless stated otherwise.

**Change of Ownership:**  We recommend you seek the advice of your tax and/or legal counsel prior to requesting any ownership change.  There may be federal income tax and gift tax consequences when implementing this change.

Upon an ownership change, existing financial transactions may be discontinued.  In order to request financial transactions the new owner will need to complete the necessary forms.

81600376 10/06

**Attn: Claims**
**Policy No. 0200IS21892**

Laramie, WY 82070

To:    Transamerica Claims Department

From:  Robert G Erikson, Personal Representative

       Laramie, WY 82070

       erikson@uwyo.edu

Date:  December 28, 2009

RE:    Letter of Contest for Disbursement of Transamerica Annuity 0200IS21892

As personal representative for the estate of my father, Vernon K Erikson who passed away November 23, 2009, I believe there may be some irregularities regarding beneficiary changes on his annuity account. As of December 2005, it was my understanding that my mother, Mary Jane Erikson, was the first beneficiary, and I was the second beneficiary. My mother passed away December 7, 2007.

Since my father had dementia for several years before he died, I do not believe his cognitive abilities were sufficient to change the beneficiary. My sister, Linda Erikson, had Power of Attorney for my father, but the document granting her that status clearly states she did not have the authority to change a beneficiary. Furthermore, my father was confined to a nursing home since February 12, 2008 and could not have legitimately signed any legal documents since then.

Before disbursing the funds from this policy, please carefully consider the validity of any beneficiary changes since the inception of the policy. If you have any questions or would like more information on this matter, please call, email, or write to me at the addresses given above.

Sincerely,

Robert G. Erikson

EXHIBIT

3

February 16, 2010

Stacy Long
Claims Supervisor
Transamerica Life Insurance Company
4333 Edgewood Rd NE
Cedar Rapids, IA  52411-9800

RE: Annuity Number  0200IS21892

Dear Stacy Long:

I am writing to you in response to you letter dated February 5, 2010 in which you notified me that Robert G Erikson is contesting payment of the policy proceeds of the above annuity to me as  the primary beneficiary.

As per Transamerica's correspondences dated February 12, 2008 addressed to my recently departed father, Vernon K Erikson (policy holder), confirming beneficiary designation and December 7, 2009 to myself, it is clearly stated that I am listed as primary beneficiary and no contingent beneficiary is listed on this policy.

Therefore, I am requesting Transamerica to provide reasonable proof to myself in a timely manner that Robert G Erikson has a valid claim to contest payment of the policy proceeds, including in what capacity he is acting. If any unreasonable delays or creation of false claims are made, it is my understanding Transamerica can be held liable for not providing payment on a beneficiary claim. I will pursue legal restitution if necessary.

Transamerica is hereby notified that is my opinion that your policy to "allow the conflicting parties an opportunity to settle the disagreement amongst themselves" is a poor attempt at shirking your duties and responsibilities to your clientele.  It is my sincere desire that my late father wishes are honored and that you, as his chosen annuity company, uphold your responsibilities, legal and ethical, for payment on this claim.

Furthermore, if Transamerica decides to pursue action in interpleader, I, as a claimant and based on federal statutes, am requesting that all court proceedings related to this policy occur in Santa Fe, New Mexico which is my place of residence.

Please provide me with a time frame in which the matter of payment of the policy proceeds will occur.  If any further information is required of me from Transamerica, do not hesitate to contact me at the address below.

Sincerely,

Kristi Ann Erikson

Santa Fe, NM   87505

EXHIBIT
4